UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRAN RICHARDS, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>          Plaintiff,<br><br>    -against-<br><br>O. B.'S BAKERY INC., d/b/a OB'S BAKERY AND RESTAURANT, and OB EXPRESS, LTD., d/b/a OB'S EXPRESS, and OMAR DICKENS, individually,<br><br>          Defendants. | **COMPLAINT**<br><br>**Docket No.:** 22-cv-0711<br><br>Jury Trial Demanded |

MYRAN RICHARDS ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against O. B.'S BAKERY INC., d/b/a OB'S BAKERY AND RESTAURANT, and OB EXPRESS, LTD., d/b/a OB'S EXPRESS, (together as "OB"), and OMAR DICKENS, individually, (all three, together where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 146-1.4; (iii) the NYLL's minimum wage provisions, NYLL § 652, 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (vii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (viii) an anti-retaliation provision of the NYLL, NYLL §215(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run a Queens-based Jamaican restaurant/bakery and a Nassau County-based Jamaican restaurant, as well as the enterprise's owner and day-to-day overseer - - as a kitchen assistant from January 2016 until September 10, 2021.  As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, throughout his employment, Defendants routinely required Plaintiff to work, and Plaintiff did work, beyond forty hours in a workweek, but Defendants paid Plaintiff a flat weekly salary that by operation of law compensated Plaintiff for only his first forty hours of work each week, and therefore paid Plaintiff nothing, let alone at the statutorily-required rate of one and one-half times his regular rate, for any of his hours worked in excess of forty in a week.

3.      Defendants further violated the NYLL and the NYCRR by failing to: compensate Plaintiff at least at the statutorily-required minimum wage rate for all hours that Plaintiff worked

each week; pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate for all days when his workday exceeded ten hours from start to finish; furnish Plaintiff with any wage statement on each payday, let alone an accurate one, until March 2020, or with an accurate wage statement thereafter; and furnish Plaintiff with an accurate wage notice at the time of his hire.

4.     Defendants paid and treated all of their non-managerial kitchen staff employees at both of their locations in this same manner described to this point herein.

5.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

7.     Making matters worse, after Plaintiff complained to Defendants about their failure to pay him for his overtime hours, Defendants retaliated by terminating Plaintiff's employment. Accordingly, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and the NYLL.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, O. B.'s Bakery Inc. was and is a New York corporation with its principal place of business located at 16576 Baisley Boulevard, Jamaica, New York 11434.

12.     At all relevant times herein, OB Express, Ltd. was and is a New York corporation with its principal place of business located at 2034 Green Acres Road South, Valley Stream, New York 11581.

13.     At all relevant times herein, O. B.'s Bakery Inc. and OB Express, Ltd., while distinct legal entities, together operated as a single business enterprise engaged in the restaurant and food sales industry, with centralized control of the business and labor operations located at 16576 Baisley Boulevard in Queens.  Indeed, OB employs common management to personally supervise employees and distribute their pay, employs common employees to work at both locations, and there is common ownership and financial control with respect to business revenue, employee wages, and the operation of both restaurants, as both entities are entirely controlled by Defendant Dickens.

14.     And to that end, at all relevant times herein, Dickens was and is the owner and day-to-day overseer of OB, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of each business, and who was and is ultimately responsible for all matters with respect to hiring employees, terminating employees, determining employees' rates and methods of pay, determining employees' work schedules and at which location employees would work, and maintaining employees' employment records, including those matters with respect to Plaintiff.  Indeed, Dickens hired Plaintiff, supervised him, set Plaintiff's rate of pay, assigned him to which location to report, should have maintained Plaintiff's employment records, and fired Plaintiff after he complained about not receiving proper overtime wages.

15.     At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, OB's qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed two or more employees, and operated a business that purchased and sold numerous products that have moved across state lines, such as fountain soda and bottled and canned beverages, meats, vegetables, sugar, and other ingredients for catering and entrées.  Defendants also accept payments in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies.  The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA,

29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants as kitchen staff workers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18.    At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff lodged numerous complaints, specifically to Defendant Dickens, that Defendants were not paying him for his overtime hours worked in accordance with the law, but Defendants continued not to pay him overtime.

19.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

20.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21.     Under FRCP 23(b)(3), Plaintiff must plead that:

    a.     The class is so numerous that joinder is impracticable;

    b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.     Claims or defenses of the representative are typical of the class;

    d.     The representative will fairly and adequately protect the class; and

    e.     A class action is superior to other methods of adjudication.

22.     Plaintiff seeks certification of the following FRCP 23 class:

    Current and former non-managerial employees, who during the applicable NYLL limitations period, worked for Defendants as kitchen staff workers, or in similar roles, in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.     At all times during the applicable NYLL limitations period, Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) whether the Defendants required and require each Rule 23

Plaintiff to work in excess of forty hours in a week; (3) whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated minimum wage for all hours worked; (5) whether the Defendants compensated and compensate Rule 23 Plaintiffs with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday; (6) whether the Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information required by NYLL § 195(3); (7) whether the Defendants furnished the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information required by NYLL § 195(1); (8) whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (9) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (10) whether the Defendants maintain any affirmative defenses to the Rule 23 Plaintiffs' claims; (11) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial kitchen staff employees who worked at their locations in New York.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours in a week, yet Defendants did not pay them at the rate of one and one-half times their respective regular rates of pay for all hours worked in a week over forty, or at

the minimum wage rate for all hours worked, and further failed to pay them an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeded ten in a workday, or provide them with an accurate wage statement on each payday or an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates of pay for all hours worked per week in excess of forty, to be paid at least at the minimum wage rate for all hours worked, to receive an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to the Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

26.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for all hours worked in a week over forty, did not pay Plaintiff at least at the minimum wage for all hours worked, did not provide Plaintiff with an additional one hour's pay at the minimum wage rate for those days when his spread of hours exceeded ten in a workday, and did not furnish Plaintiff with an accurate wage statement on each payday or an accurate wage notice at hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

27.     Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

29.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30.     Any lawsuit brought by a non-managerial employee of Defendants who performed work for Defendants in New York for the same violations alleged herein would be identical to a suit brought by any other similarly-situated employee for the same violations.  Thus, separate litigation would risk inconsistent results.

31.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

32.     Defendant OB consists of two separate New York corporations, which as described above, jointly, under the same management and control, operate as a single enterprise to provide restaurant and catering services to customers in the Queens and Nassau County areas.

33.     Defendant Dickens, as detailed above, runs OB's business on a daily basis.

34.     In January 2016, Defendant Dickens, on behalf of OB, hired Plaintiff to work for OB as a non-managerial kitchen assistant.  Plaintiff continuously worked in this role at OB's Queens location until March 2021, when Defendant Dickens instructed him to split his time

between the Queens and Valley Stream locations.  Plaintiff continuously worked in this role for OB until September 10, 2021, typically working at both locations each day.

35.     As a non-managerial kitchen assistant, Plaintiff's primary job duties consisted of preparing food, washing dishes, cleaning, procuring supplies, and stocking the fridge and storeroom.

36.     From the beginning of Plaintiff's employment until in or around early-March 2020, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, with an alternating day off each week, from 10:00 a.m. to 9:00 p.m., with one thirty-minute break during each shift, for a total of sixty-three hours per week.  During the period beginning in or around early-March 2020 and continuing until early-December 2020, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, with an alternating day off each week, from 9:00 a.m. to 8:00 p.m., with a thirty-minute break each day, for a total of sixty-three hours per week.  Following a brief period that Plaintiff took off from work, beginning in January 2021 and continuing until early-June 2021, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, with an alternating day off each week, from 9:00 a.m. to 9:00 p.m., with a thirty-minute break each day, for a total of sixty-nine hours per week.  During the period beginning in early-June 2021 and continuing until September 10, 2021, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, with an alternating day off each week, from anytime between 8:00 a.m. and 12:00 p.m. until 9:00 p.m., with a thirty-minute break each day, for a total of fifty-one to seventy-five hours each week.

37.     Throughout Plaintiff's employment, Defendants paid Plaintiff a flat weekly salary, which operated only to compensate him for the first forty hours that he worked each week, as follows:

       a.   From the start of his employment in January 2016 until in or around early-March 2020, $400.00 per week; and

       b.   From in or around early-March 2020 through the end of his employment on September 10, 2021, $700.00 per week.

38.    At no time during Plaintiff's employment did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, for any hours that he worked over forty in a week.  Additionally, from January 1, 2017, through early-March 2020, Defendants paid Plaintiff below the minimum wage rate that New York law requires for all hours worked.

39.    By way of example only, for the week of February 6 through February 12, 2017, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-three hours, according to the following schedule, with one thirty-minute break each shift:

       Monday, February 6, 2017: 10:00 a.m. to 9:00 p.m.;

       Tuesday, February 7, 2017: 10:00 a.m. to 9:00 p.m.;

       Wednesday, February 8, 2017: 10:00 a.m. to 9:00 p.m.;

       Thursday, February 9, 2017: 10:00 a.m. to 9:00 p.m.;

       Friday, February 10, 2017: 10:00 a.m. to 9:00 p.m.;

       Saturday, February 11, 2017: 10:00 a.m. to 9:00 p.m.; and

       Sunday, February 12, 2017: off.

In exchange for his sixty-three hours of work that week, Defendants paid Plaintiff his flat weekly salary of $400.00, which covered only his first forty hours of work, and thus Defendants paid Plaintiff what amounts to an hourly rate of $10.00 for the first forty hours that he worked that week, and nothing for the twenty-three hours that he worked in excess of forty for that week.

40.     By way of a second example, for the week of July 26 through August 1, 2021, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-nine hours, according to the following schedule, with one thirty-minute break each shift:

Monday, July 26, 2021: 9:00 a.m. to 9:00 p.m.;

Tuesday, July 27, 2021: 9:00 a.m. to 9:00 p.m.;

Wednesday, July 28, 2021: 9:00 a.m. to 9:00 p.m.;

Thursday, July 29, 2021: 9:00 a.m. to 9:00 p.m.;

Friday, July 30, 2021: 9:00 a.m. to 9:00 p.m.;

Saturday, July 31, 2021: 9:00 a.m. to 9:00 p.m.; and

Sunday, August 1, 2021: off.

In exchange for his sixty-nine hours of work that week, Defendants paid Plaintiff his flat weekly salary of $700.00, which covered only his first forty hours of work, and thus Defendants paid Plaintiff what amounts to an hourly rate of $17.50 for the first forty hours that he worked that week, and nothing for the twenty-nine hours that he worked in excess of forty for that week

41.     In addition, except for certain days from early-June 2021 until September 10, 2021, for virtually all of Plaintiff's work days during his employment, including the twelve days during the weeks of February 6 through February 12, 2017, and July 26 through August 1, 2021, as described in the paragraphs above, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish, yet for those days, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

42.     Defendants paid Plaintiff on a weekly basis.  From the beginning of his employment in January 2016 through early-March 2020, Defendants paid Plaintiff entirely in cash.  From early-

March 2020 through the end of his employment on September 10, 2021, Defendants paid Plaintiff partially in cash and partially by check.

43.     On each occasion when Defendants paid Plaintiff from the beginning of his employment through early-March 2020, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed for that week.  From early-March 2020 through the end of his employment, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed for that week.

44.     Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone a notice that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

45.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

47.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

48.     In mid-August 2021, Plaintiff complained to Dickens that Defendants were requiring Plaintiff to work in excess of forty hours each week but were failing to compensate him

with overtime pay, and he threatened to file a complaint with the Department of Labor about it. Approximately three weeks later, on September 10, 2021, Defendants retaliated by terminating Plaintiff's employment.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

49.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53.     Defendants willfully violated the FLSA.

54.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

56.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15

57.     NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

59.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

62.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     NYLL § 652(1) and NYCRR § 146-1.4 prescribe a minimum wage that employers must pay to their employees for each hour worked.

64.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

65.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

66.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate for all hours worked.

67.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

70.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are hospitality employees within the meaning of the NYLL and the NYCRR.

71.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

72.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

76.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

77.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained the criteria required under the NYLL.

78.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday after that violation occurred, up to a statutory cap of $5,000.00 per person.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Notices in Violation of the NYLL*

79.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

81.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

82.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at the time of hire, let alone one that accurately contained the criteria required under the NYLL.

83.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the FLSA*

84.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.     29 U.S.C. § 215(a)(3) prohibits an employer from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

86.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

87.     Aa also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating Plaintiff's employment.

88.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

89.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

90.     Plaintiff is also entitled to punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

91.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.     Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint to his or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision under or related to the NYLL.

93.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

94.     As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating Plaintiff's employment.

95.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

96.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

97.     Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

98.     Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.      Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with his retaliation claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for Defendants' unlawful conduct;

j.      Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with his retaliation claims;

k.      Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff's retaliation claims;

l.      Granting an award of damages to be determined at trial to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment in connection with his retaliation claim.

m.      Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

n.      Pre-judgment and post-judgment interest, as provided by law; and

o.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated: Garden City, New York
      February 8, 2022

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              910 Franklin Avenue, Suite 200
                              Garden City, New York 11530
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

          By:   _____

                              ANDREW C. WEISS (5560537)
                              ALEXANDER T. COLEMAN (AC 8151)
                              MICHAEL J. BORRELLI (MB 8533)